7 F.3d 222
 29 Collier Bankr.Cas.2d 944
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
In Re: CHARLES CROOK WHOLESALE PRODUCE, Debtor.
Mildred CROOK, Appellant,
v.
Ralph M. STEEL, Trustee-Appellee.
 No. 91-1829.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: March 31, 1993.
Decided: September 14, 1993.
 
 Appeal from the United States District Court for the Southern District of West Virginia, at Charleston. Dennis Raymond Knapp, Senior District Judge. (CA-91-42-2, BK-86-50191)
 John H. Kamlowsky, Martin P. Sheehan, Volk, Frankovitch, Anetakis, Recht, Robertson & Hellerstedt, Wheeling,
 West Virginia, for Appellant.
 Raymond Guerrant Dodson, Dodson, Riccardi & Lutz, Charleston, West Virginia, for Appellee.
 S.D.W.Va.
 VACATED AND REMANDED.
 Before WILKINSON, NIEMEYER, and HAMILTON, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Mildred Crook appeals from the district court's order affirming the bankruptcy court's order which subordinated her claim of $55,000 arising out of a loan which she advanced to Charles Crook Wholesale Produce (Crook's Produce) after the latter had filed a petition under Chapter 11 of the Bankruptcy Code. Mildred Crook and her son Kenneth Crook each own fifty percent of the stock in Crook's Produce. In the Spring of 1986, Crook's Produce began to experience financial difficulties, requiring large infusions of cash from Mildred, Kenneth, and other members of the Crook family, to maintain payroll and other necessary expenses. Despite these efforts, Crook's Produce filed for relief under Chapter 11 in August 1986.
 
 
 2
 In February 1987, Mildred Crook loaned $55,000 to Crook's Produce.[1] The bankruptcy court, after a hearing, subordinated Mrs. Crook's claim to claims of other creditors (including one other postpetition lender), effectively denying her claim.[2] The district court affirmed. Mrs. Crook appeals.
 
 
 3
 The Bankruptcy Code provides that, after notice and a hearing, a bankruptcy court may, "under principles of equitable subordination, subordinate for purposes of distribution all or part of an allowed claim to all or part of another allowed claim." 11 U.S.C. § 510(c)(1) (1988). There is no prohibition against a dominant shareholder's lending money to a corporation; rather, "[b]ecause there is incentive and opportunity to take advantage, dominant shareholders and other insiders' loans in a bankruptcy situation are subject to special scrutiny." Sinclair v. Barr (In re Mid-Town Produce Terminal, Inc.), 599 F.2d 389, 392 (10th Cir. 1979); see also Pepper v. Litton, 308 U.S. 295, 306 (1939).
 
 
 4
 Generally, loans by majority shareholders will not be subordinated to claims of other creditors absent inequitable conduct. See 3 Lawrence P. King et al., Collier on Bankruptcy,s 510.05, p. 510-9 (15th ed. 1993). This Court has held that three inquiries are appropriate: (1) whether the claimant engaged in fraudulent conduct; (2) whether the conduct resulted in injury to creditors; and (3) whether subordination would be consistent with other bankruptcy law. EEE Commercial Corp. v. Holmes (In re ASI Reactivation, Inc.), 934 F.2d 1315, 1321 (4th Cir. 1991). No one has suggested that Mrs. Crook engaged in any kind of fraudulent conduct; indeed, the bankruptcy court conceded that Mrs. Crook's actions were prompted by "good intentions," and that her claim was a valid one. In addition, there was no evidence that her loan resulted in any injury to any creditor. On the contrary, her attempts to salvage Crook's Produce would have worked to other creditors' advantage had they been successful. Addressing a similar situation in EEE Commercial Corp. v. Holmes, supra, this Court noted that an insider's purchase of a secured note, bought to stave off a foreclosure, was for the corporation's benefit as well as to "solidify his position," and, as such, was neither fraudulent nor injurious. Id. at 1321.
 
 
 5
 The bankruptcy court's reason for subordinating Mrs. Crook's claim-that she failed to give notice to other creditors or obtain court approval-is not supported by either the bankruptcy code or case law. As a debtor-in-possession, Mrs. Crook had the same powers and duties as a trustee. 11 U.S.C. § 1107 (1988). Under 11 U.S.C. § 364(a), the trustee (or debtor-in-possession) may obtain unsecured credit and incur unsecured debt in the ordinary course of business, without prior court approval or notice to other creditors. Because the only legitimate basis for subordinating Mrs. Cook's claim was inequitable conduct on her part, and because there was no evidence of inequitable conduct, we find that the district court and bankruptcy court erred in subordinating her claim.
 
 
 6
 For the reasons stated we vacate and remand the cause for further proceedings consistent with this opinion. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 VACATED AND REMANDED
 
 
 [1]
 Although she loaned significant sums to Crook's Produce prior to its bankruptcy, only the $55,000 is at issue in this appeal
 
 
 [2]
 Crook's Produce assets are insufficient to pay all creditors in the two classes ahead of Mildred Crook